Eric A. Grover (Bar No. 136080)
eagrover@kellergrover.com
Denise L. Díaz (Bar No. 159516)
ddiaz@kellergrover.com
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, California 94107
Tel: (415) 543-1305
Fax: (415) 543-7861
*Additional Counsel on Signature Page*

*Attorneys for Plaintiff*
*JULIE KOTOVSKY*

Greg L. Johnson (Bar No. 132397)
greg.johnson@pillsburylaw.com
Daveed A. Schwartz (Bar No. 200046)
daveed.schwartz@pillsbury.com
Erin C. Carroll (Bar No. 239063)
erin.carroll@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
400 Capitol Mall
Sacramento, California 95814
Tel: (916) 329-4700
Fax: (916) 441-3583

*Attorneys for Defendant*
*LONGS DRUG STORES, CALIFORNIA, INC.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

JULIE KOTOVSKY, on behalf of himself and all others similarly situated,

Plaintiff,

v.

LONGS DRUG STORES, CALIFORNIA, INC.,

Defendant.

Case No.: CV 07-0713 VRW

CLASS ACTION

Hon. Vaughn R. Walker

**JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER TO STAY ACTION PENDING NINTH CIRCUIT'S REVIEW OF CLASS CERTIFICATION IN FACTA CASES**

Plaintiff Julie Kotovsky ("Plaintiff") and Defendant Longs Drug Stores, California, Inc. ("Defendant"), by and through their respective counsel, jointly submit the following stipulation to the Court for its consideration and jointly submit the attached proposed order staying the above referenced matter in its entirety, pending decision by the Ninth Circuit Court of Appeals ("Ninth Circuit") in the appeals, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure, in *Soualian v. International Coffee & Tea, LLC*, Case No. CV 07-502 RGK (JCx) (C.D. Cal.), *leave to appeal granted*, Appellate Dkt No. 07-56377 (9th Cir. Sept. 13, 2007) ("*Soualian*"), and in *Reynoso v. South County Concepts*, Case No. CV 07-373 JVS (C.D. Cal.), *leave to appeal granted*, Appellate Dkt No. 07-80191 (9th Cir. Jan. 14, 2008) ("*Reynoso*").

The background and circumstances which establish good cause for the stay are as follows:

WHEREAS, Plaintiff in this putative class action alleges that Defendant willfully violated a provision of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), 15 U.S.C. § 1681c(g), which provides, in pertinent part, that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction";

WHEREAS, in *Soualian* and *Reynoso*, the respective plaintiffs similarly allege that the defendant in their respective actions willfully violated 15 U.S.C. § 1681c(g);

WHEREAS, on August 28, 2007, this Court stayed the instant action in its entirely pending a determination in the Ninth Circuit on whether to hear the interlocutory appeals from orders denying class certification in six Central District of California FACTA cases including *Soualian* and further ordered that, if the Ninth Circuit determined to hear any such appeals, this action would remained stayed until all appeals are exhausted including any review by the United States Supreme Court;

WHEREAS, on September 13, 2007, the Ninth Circuit granted a motion under Rule 23(f) of the Federal Rules of the Civil Procedure permitting the plaintiff in *Soualian* to appeal

the District Court's ruling denying her motion for class certification on the ground that a class action would not be a "superior" method of adjudication under FED.R.CIV.P. 23(b)(3) because of the magnitude of the potential damage award;

WHEREAS, on December 11, 2007, this Court issued an Amended Pretrial Order permitting class discovery and scheduling a class certification hearing for July 8, 2007;

WHEREAS, on January 14, 2008, the Ninth Circuit granted a motion under Rule 23(f) of the Federal Rules of the Civil Procedure permitting the defendant in *Reynoso* to appeal the District Court's ruling granting plaintiff's motion for class certification, *inter alia*, on the ground that the magnitude of the potential damage award does not affect the superiority of a class action for adjudication of the case;

WHEREAS, in the instant action, Defendant (as in *Soualian* and *Reynoso*) intends to oppose Plaintiff's motion for class certification, *inter alia*, on the ground that a class action would not be a superior method of adjudication under FED.R.CIV.P. 23(b)(3) because of the magnitude of the potential damage award;

WHEREAS, in *Soualian*, the appellant Soualian's opening brief was filed on January 16, 2008, the appellee International Coffee's brief is due on February 26, 2008, and appellant's reply brief, if any, is due on March 11, 2008;

WHEREAS, in *Reynoso*, the appellant South County Concepts' opening brief is due May 1, 2008, the appellee Reynoso's brief is due on June 2, 2008, and appellant's reply brief, if any, is due within fourteen days of service of the appellee's brief;

WHEREAS, prior to and since the Ninth Circuit's grant of review in *Soualian*, district courts in the Central and Northern Districts of California stayed the following FACTA cases pending the Ninth Circuit's decision in *Soualian*:

1. *Dister v. Benetton*, Case No. C 07-01379 SI (N.D. Cal. Feb. 22, 2008);
2. *Moon v. FedEx Kinko's Office and Print Services, Inc.*, Case No. C 06-7657 SI (N.D. Cal. Jan. 9, 2008);

3. *Hile v. The Body Shop Int'l PLC*, Case No. C 07-791 JSW (N.D. Cal. Jan. 9, 2008);

4. *Serna, et al. v. Costco Wholesale Corporation*, Case No. CV 07-1491 AHM (JWJx) (C.D. Cal. Jan, 3, 2008);

5. *Hile v. Max Rave LLC*, Case No. C 07-738 JSW (N.D. Cal. Dec. 7, 2007);

6. *Lopez v. The Gymboree Corp.*, Case No. C 07-0087 SI (N.D. Cal. Nov. 1, 2007);

7. *Figueroa v. Walt Disney Parks and Resorts, Inc.*, Case No. SACV 07-0019-DOC (ANx) (C.D. Cal. Oct. 30, 2007) (staying action *sua sponte*);

8. *Saunders v. Claim Jumper Restaurants, LLC*, Case No. CV 07-0168-DOC (ANx) (C.D. Cal. Oct. 23 and 26, 2007);

9. *Vigdorchik v. Century Theatres, Inc.*, Case No. C 07-00736 MMC (N.D. Cal. Oct. 25, 2007);

10. *Soualian v. Barney's New York, Inc.*, Case No. CV 07-0558-GW (FFMx) (C.D. Cal. Oct. 25, 2007);

11. *Saunders v. The Johnny Rockets Group, Inc.*, Case No. SACV 07-0172-CJC (ANx) (C.D. Cal. Oct. 15, 2007);

12. *Price v. Pacific Theaters*, Case No. CV 07-00929-ER (Ex) (C.D. Cal. Oct. 15, 2007);

13. *Aeschbacher v. California Pizza Kitchen*, Case No. CV 07-00215-VBF (JWJx) (C.D. Cal. Oct. 11, 2007);

14. Farkash v. Bear Creek Stores, Inc., dba Harry and David, Case No. CV 07-00309-ER (SHx) (C.D. Cal. Oct. 11, 2007);

15. *Libman v. bebe Stores, Inc.*, Case No. CV 07-972-ABC (Ex) (C.D. Cal. Oct. 5, 2007);

16. *Saunders v. Fuddrucker's, Inc.*, Case No. CV 07-0953-GW (RZx) (C.D. Cal. Sept. 27, 2007) (staying action *sua sponte*);

17. *Dister v. Benetton*, Case No. C 07-01379 MJJ (N.D. Cal. Sept. 21, 2007);

18. *Saunders v. In-N-Out Burgers*, Case No. CV 07-00169-GW (MLGx) (C.D. Cal. Sept. 10, 2007) (staying action *sua sponte*);

WHEREAS, the parties agree that the Ninth Circuit's decisions in *Soualian* and *Reynoso* will likely provide important guidance to this Court and to the parties with respect to whether class treatment of Plaintiff's FACTA claim is superior to individual actions under FED.R.CIV.P. 23(b)(3);

WHEREAS, the parties agree that this Court has discretion to control its docket to serve the interests of justice and judicial economy, *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20, n. 23 (1983); *Adams v. California Dep't of Health Svcs.*, 487 F.3d 684, 688 (9th Cir. 2007);

WHEREAS, the parties agree that a stay of this action will conserve judicial and party resources, avoid unnecessary expenditures of time, effort, and money, and serve the interests of justice and judicial economy, *see Figueroa v. Walt Disney Parks and Resorts*, Case No. SACV 07-0019-DOC, slip op. at 3 (holding that "it would be a considerable waste of time and effort for the parties and the Court to proceed with this action when the major point of contention is likely to be resolved by the Ninth Circuit");

WHEREAS, the parties agree and request that the Court's Amended Pretrial Order of December 11, 2007 be vacated and that this matter be set for a status conference every six (6) months to determine whether it is appropriate to continue the stay of this action, and further agree to file a joint status report with the Court two days prior to the status conference regarding the status of the *Soualian* and *Reynoso* appeals;

WHEREAS, the parties further agree that the requested stay is not for the purposes of delay, but so that the due process of the parties is protected and so that justice may be done; and

WHEREAS, the parties agree that this Stipulation may be executed in counterparts, and that facsimile signatures shall be deemed acceptable signatures for the purposes of this Stipulation.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, THE PARTIES, BY AND THROUGH THEIR UNDERSIGNED COUNSEL, HEREBY STIPULATE AS FOLLOWS:**

1. That this action be stayed in its entirety pending resolution of the appeals in *Soualian v. Int'l Coffee and Tea, LLC*, Appellate Dkt No. 07-56377 (9th Cir.), *Reynoso v. South County Concepts*, Appellate Dkt No. 07-80191 (9th Cir. Jan. 14, 2008), and any subsequent appeals filed in other FACTA class actions;

2. That this case remain stayed until all appeals are exhausted on the class certification issue, including any review by the United States Supreme Court;

3. That the parties suggest to the Court that its Amended Pretrial Order of December 11, 2007 be vacated, that this matter be set for a status conference every six (6) months to determine whether it is appropriate to continue the stay of this action, and that the parties file a joint status report with the Court two days prior to the status conference regarding the status of the *Soualian* and *Reynoso* appeals;

4. That each party shall reserve the right to approach the Court at any time and, upon a showing of good cause, seek modification, extension or termination of this order.

**IT IS SO STIPULATED.**

Dated: February 27, 2008

KELLER GROVER LLP
425 Second Street, Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Facsimile: (415) 543-7681

By: /s/ Eric A. Grover
Eric A. Grover (SBN: 136080)
Denise L. Diaz (SBN: (159516)

THIERMAN LAW FIRM
Mark R. Thierman, Esq. (SBN: 72913)
7287 Lakeside Drive
Reno, NV 89511
Telephone: (775) 284-1500
Facsimile: (775) 703-5027

By: /s/ Mark R. Thierman

LAW OFFICES OF SCOTT A. MILLER, A.P.C.
Scott A. Miller, Esq. (SBN: 230322)
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 788-8081
Facsimile: (818) 788-8080

By: /s/ Scott A. Miller

STEVEN L. MILLER,
A PROFESSIONAL LAW CORPORATION
Steven L. Miller, Esq. (SBN: 106023)
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 986-8900
Facsimile: (818) 990-7900

By: /s/ Steven L. Miller

Attorneys for Plaintiff Julie Kotovsky

Dated: February 27, 2008

PILLSBURY WINTHROP SHAW PITTMAN LLP
400 Capitol Mall, Suite 1700
Sacramento, CA 95814
Telephone: (916) 329-4700
Facsimile: (916) 441-3583

By: /s/ Daveed A. Schwartz
Greg L. Johnson (SBN: 132397)
Daveed A. Schwartz (SBN: 200046)
Erin C. Carroll (SBN: 239063)
Attorneys for Defendant
Longs Drug Stores, California, Inc.

**ATTESTATION**

I attest that signatories Greg L. Johnson, Daveed A. Schwartz, and Erin C. Carroll have concurred in the filing of this document.

Dated: February 27, 2008

KELLER GROVER LLP
425 Second Street, Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Facsimile: (415) 543-7681

By: /s/ Eric A. Grover
Eric A. Grover (SBN: 136080)
Denise L. Diaz (SBN: (159516)

**ORDER**

Upon the Stipulation of the parties, and for good cause shown, this action is stayed in its entirety until the Ninth Circuit Court of Appeals renders a decision in *Soualian v. Int'l Coffee and Tea, LLC*, Appellate Dkt No. 07-56377 (9th Cir.) and/or *Reynoso v. South County Concepts*, Appellate Dkt No. 07-80191 (9th Cir. Jan. 14, 2008). The Court's Amended Pretrial Order of December 11, 2007 is hereby vacated. This case shall remain stayed until all appeals (if any) of those decisions are exhausted, including any review by the United States Supreme Court.

A status conference shall be set for ____________________ to determine whether it is appropriate to continue the stay of this action. Further status conferences on the appropriateness of this stay shall be set thereafter. The parties reserve the right to approach the Court at any time and, upon a showing of good cause, seek modification, extension or termination of this order.

The parties shall submit a report on July 1, 2008 as to the status of the appeals in *Soualian*, *Reynoso*, and other FACTA cases (if any), and any developments in this case. The parties also will inform the Court as to whether the stay should remain in place or be lifted.

**IT IS SO ORDERED.**

